State
vs. | Ind. No. 13755
James Pearson

July 21, 1927.

HAHN, J. After verdict of guilty under an indictment charging rape, heard upon defendant's motion for a new trial, based upon the following grounds:

1. That said verdict is against the law.

2. That said verdict is against the evidence and the weight thereof.

3. That said verdict is against the law and the evidence.

4. That said trial and conviction are in violation of the provisions as set forth in the constitution of the State of Rhode Island, Article 1, section 7, which declares that no person shall, after an acquittal, be tried for the same offence.

5. That the defendant has discovered new and material evidence in said cause which he had not discovered at the time of the trial thereof, and which he could not with reasonable diligence have discovered at any time previous to the trial of said case, as by affidavits to be filed in said Court will be fully set forth, said affidavits being made a part of this motion.

By agreement of counsel motion for a new trial was heard July 18, 1927.

The fifth ground of the motion based upon newly discovered evidence was not pressed.

Prosecutrix testified that through a subterfuge defendant forced her into entering a Ford automobile which she described, including license number attached to said automobile, and while in said automobile she was driven to a lonely place near the Cycledrome where the crime was committed.

The defence was an alibi. Defendant claimed and introduced witnesses (related to him) who testified that

he was in Brockton, Massachusetts. at the time of the commission of the alleged offence and that he used the automobile in which the rape was alleged to have been committed, in driving to, remaining in, and returning from Brockton. The testimony as given showed that there were other witnesses who might have had some knowledge of defendant's movements on the night in question, but such witnesses were not produced in court. The connecting of a long distance telephone conversation from Brockton to Pawtucket on Saturday (a conversation without doubt having been held on that day) with the alibi on the Tuesday following raises doubt as to the truth of the alibi. The telephone message, according to the testimony, referred to the illness of defendant's sister in Brockton and there appeared in testimony no reason for the delay in visiting her and ascertaining the state of her health. In fact, considering the lengthy working hours of defendant on week days and his own as well as his parents' probable anxiety, the Sunday following would have offered a logical and reasonable opportunity for his visit.

The case was tried twice. The first trial resulted in a disagreement and at the second trial, in addition to the witnesses presented by the State during the first trial, were offered the witnesses, William Jette, Oscar Jette, James C. Ford, and representatives of the automobile licensing authorities of Massachusetts and Connecticut. The testimony of these witnesses, in addition to the other witnesses presented by the State, was sufficient to sustain the burden of proving defendant's guilt beyond a reasonable doubt. In fact, so convincing was the testimony offered by the State that it is hardly possible to conceive of any verdict other than that of guilty.

The fourth ground of the motion for a new trial is based upon the law applicable to the refusal to admit certain evidence. The defendant, having pleaded not guilty, after the trial had proceeded for some time desired to offer evidence tending to show a former acquittal of the offence charged in the indictment, said decision of acquittal having been rendered in the District Court of the Tenth Judicial District on a charge of simple assault. This evidence was ruled out, first, because it should have been made the subject of a special plea, and, secondly, because it is contrary to the policy of the law to allow the decision of a court of limited jurisdiction upon a minor offence within its jurisdiction to deprive the State of the right to prosecute and punish for a serious indictable offence. To hold otherwise would be to allow the prosecuting authorities of the towns and cities and the courts of the various districts, by a species of indirection, to relieve from adequate punishment those guilty of serious offences.

When it is considered that most of the major offences under our law consist in part of a simple assault, to allow an acquittal or conviction of simple assault to release a defendant from further prosecution for a more serious crime, would be a dangerous doctrine and one which would seriously interfere with the administration of the criminal law. Were such a rule in force the prosecuting authorities of the cities and towns would be enabled to usurp the powers of the Attorney General and the district courts to assume jurisdiction properly belonging to the Superior Court and its Grand Jury.

It is our opinion that acquittal or conviction of an offence within its jurisdiction by a court may not be pleaded as a bar to an indictment charging an offence beyond the jurisdiction of the court in which the acquittal or conviction was had.

The verdict is not against the law

or the evidence or the weight thereof but is fully sustained by such evidence.

Motion for a new trial denied.

For State: Louis V. Jackvony, Charles P. Sisson.

For Defendant: Frank H. Wildes.